UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GREGORY LAMONT MEANS     CIVIL ACTION NO. 10-cv-0035

VERSUS     JUDGE HICKS

LEVY LEE ADGER, ET AL     MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Gregory Means ("Plaintiff"), a Louisiana prison inmate, filed this pro se civil action against four of his family members. Plaintiff accuses them of violating "succession rights" related to the estates of his parents. Plaintiff alleges that his parents willed him their first family residence on Martin Luther King Drive in Shreveport, but Plaintiff's uncles somehow took away the home. Plaintiff accuses other family members of wrongfully taking over ownership of property that belonged to the parents. He demands return of his high school diploma, record albums, photographs, waterbed, and other personal belongings that he left in his bedroom when he went to prison. Plaintiff prays for "full successions and restorations" of his parents' properties and $100,000 in damages.

The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. <u>Torres v. Southern Peru Copper Corp.</u>, 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate

for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

Plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of alleging facts and otherwise establishing that jurisdiction exists. Aetna v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986). The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's complaint does not make clear which of those, if either, he relies upon. The court has carefully examined the complaint and determined, for the reasons that follow, that this court does not have subject-matter jurisdiction to hear Plaintiff's complaint.

Section 1332 requires complete diversity of citizenship. That means that the citizenship of each defendant must be diverse from that of each plaintiff. A federal court cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992). All indications in the complaint are that Plaintiff is a citizen of Louisiana. Plaintiff does not specifically allege the citizenship of the defendants, but there is some indication in his rather convoluted complaint that one or more of them may live in Texas. If, however, even one named defendant is a citizen of Louisiana there is no diversity jurisdiction. Plaintiff has not alleged facts to satisfy his burden of establishing diversity. Furthermore, there is a probate exception to diversity

jurisdiction that prevents a federal court from probating a will, administering an estate, or otherwise interfering with probate proceedings in state court. Marshall v. Marshall, 126 S.Ct. 1735 (2006). Plaintiff specifically demands that this court conduct "full successions" with regard to his parents' estates. The probate exception prevents this court from granting such relief.

There is also no apparent basis for the exercise of federal question jurisdiction under Section 1331. The well-pleaded complaint rule determines whether a federal claim is presented in the complaint sufficient to give rise to subject-matter jurisdiction. The rule requires the complaint to set forth a federally created right or require resolution of a substantial question of federal law. Chuska Energy Co. v. Mobil Exploration & Producing North America, Inc., 854 F.2d 727, 730 (5th Cir. 1988). There is no federal jurisdiction if the plaintiff pleads only state law causes of action. Gutierrez v. Flores, 543 F.3d 248, 252 (5th Cir. 2008).

Plaintiff does not cite any federal laws that would provide him a cause of action under the facts alleged, and the court's review of the complaint does not reveal a basis for any such claim. It appears that all of Plaintiff's claims would fall under state law theories. Plaintiff has made a general allegation that his family members violated "federal law and standards" by illegally profiting from the estates and his personal property. Plaintiff does not specifically identify the federal law he invokes, and the court is not aware of any federal statutes or causes of actions that would apply in such a setting. Plaintiff did file his

complaint on a form provided for prisoners for filing claims under 42 U.S.C. § 1983, but the named defendants are all private citizens rather than government officials or some other form of state actor, so no Section 1983 claim could lie against them. See West v. Atkins, 108 S.Ct. 2250 (1988). It is permissible for the court to dismiss for lack of jurisdiction when, as is the case here, a federal claim is mentioned but is immaterial or made solely for the purpose of obtaining federal jurisdiction. Williamson v. Tucker, 645 F.2d 404, 415 (5th Cir. 1981).

Plaintiff's complaint does not satisfy his obligation of presenting facts that permit this court to exercise subject-matter jurisdiction over his claims. If Plaintiff wishes to pursue his claims against his family members regarding the parental estates, he will have to do so in a state court that has jurisdiction and is a proper venue.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of November, 2010.

                                          MARK L. HORNSBY
                                  UNITED STATES MAGISTRATE JUDGE